UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC BROOKS,

Defendant.

No.  22-cr-0224 JAM

ORDER

Defendant Eric Brooks has submitted an ex parte request for issuance of a subpoena duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.  ECF No. 61.   The request is not accompanied by a request to seal, and therefore has been docketed.[1]  Defendant seeks authority to issue a subpoena to the Stockton Police Department for "[a]ll documents, video, audio evidence in Case No. 21-7136."  ECF No. 61-2 (proposed subpoena).  Defendant has

---

[1] Preserving the confidential and ex parte nature of a Rule 17(c) application is appropriate only where the movant makes a particularized showing of good cause.  See United States v. McClure, Case Nos. 2:08-cr-100 WBS, 2:08-cr-270 WBS, 2009 WL 937502, *3 (E.D. Cal. Apr. 7, 2009) ("Caselaw, the Advisory Committee Notes, and the text of Rule 17(c) itself indicate that the court must make an individualized, case-by-case determination as to whether the proponent of a Rule 17(c) subpoena has made a sufficient 'showing of the need for confidentiality.'") (quoting United States v. Tomison, 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997)).  Good cause may exist, for example, where the subpoena request reveals defense strategy prior to trial.  Tomison, 969 F. Supp. at 591 n.8.  This case is not pending trial, and movant has made no particularized showing of a need for confidentiality.

1

pled guilty to three counts of a six-count indictment, and the materials specified in the proposed subpoena are sought for purposes of sentencing.  Defendant contends in general terms that the requested materials are "critical to his mitigation defense of this case."  ECF No. 61 at 2.

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum.  United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 495 (9th Cir. 1989).  A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases."  United States v. George, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting United States v. Nixon, 418 U.S. at 698)).  Thus, there must be a substantial foundation for the movant's belief that the requested material will be relevant and admissible.  United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984).  To satisfy the specificity requirement, the movant must request specific documents or items and not entire categories of materials since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence."  Id. (quoting United States v. McKey, 647 F.2d 898, 901 (1981)).

Mr. Brooks' request for all documents and evidentiary materials related to a particular incident is far too broad to satisfy Rule 17(c)'s specificity requirement.  The proposed subpoena accordingly fails on its face.  Movant's memorandum in support of the request focuses on video evidence, but no specific video evidence is identified or described.  Rather, movant relies on the purported "likelihood [that] there is outstanding mitigation discovery, specifically, video of the collision and arrest, from traffic cameras and civilians mentioned in the discovery."  ECF No. 61 at 2.  This conclusory assertion is inadequate to meet movant's burden.  Movant provides no facts demonstrating a likelihood that any specific video evidence exists, what it would reveal, or the anticipated mitigation value of its contents.  Accordingly, neither specificity nor relevance is adequately supported.

Movant contends that "[t]he records are evidentiary and relevant in that they will enable the defense to thoroughly review all video and other evidence in the possession of the San Joaquin District Attorney."  ECF No. 61 at 5-6.  He also invokes counsel's general duty to investigate.  Id. at 6.  These are not theories of relevance, however.  Counsel's desire to review all

2

evidence related to his client's case simply does not satisfy the Rule 17(c) requirement that movant identify a "substantial foundation" for his belief that specific material will be relevant to mitigation at sentencing and admissible for that purpose.

The application is accordingly DENIED.

DATED: April 15, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3